**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ANGELA A. ATKINSON,
      Appellant,

    v.

NATIONAL AERONAUTICS AND
   SPACE ADMIN,
      Agency.

DOCKET NUMBER
AT-0432-20-0510-I-1

DATE: February 7, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Georgia A. Lawrence, Esquire, and Shaun Southworth, Esquire, Atlanta,
   Georgia, for the appellant.

Daniel Shaver, Orlando, Florida, for the agency.

Samantha R. Cochran, Esquire, Kennedy Space Center, Florida, for the
   agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed her chapter 43 performance-based removal. On petition for review, the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appellant challenges, among other things, the validity of her performance standards. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis of the appellant's discrimination and retaliation claims, we AFFIRM the initial decision.

## BACKGROUND

The appellant, who is deaf, was formerly a travel office Financial Management Specialist. Initial Appeal File (IAF), Tab 1 at 8, Tab 45, Hearing Recording 2 (HR 2) (testimony of the appellant). The appellant's primary duty was to monitor the Travel Request Mailbox (TRM), an electronic mailbox designated to receive, among other things, requests for travel authorizations or reimbursement. IAF, Tab 44, Hearing Recording 1 (HR 1) (testimony of the Travel Office Lead). The appellant's responsibilities were documented in the Travel Request Mailbox Instructions (TRMI), a detailed set of instructions for monitoring the TRM, and included classifying emails in the TRM inbox, forwarding emails to designated personnel, and documenting the status of travel-related requests. *Id.*; IAF, Tab 24 at 23-38. Under critical element 2 of her

performance standards, Process Civil Service Travel, the appellant was required to, among other things, produce accurate work with "no significant errors." IAF, Tab 21 at 34-36. The agency accommodated the appellant's deafness through various means, including providing her the assistance of American Sign Language (ASL) interpreters. HR 1 (testimony of the equal employment opportunity (EEO) Specialist).

As the individuals who oversaw the appellant's performance, the appellant's supervisor and the Travel Office Lead notified the appellant of her mistakes and provided her with training and instruction. *Id.* (testimony of the Travel Office Lead, testimony of the appellant's supervisor); IAF, Tab 24 at 97-98, Tab 42 at 26-45, Tab 49 at 10-84, Tab 50. In October 2016, the supervisor informed the appellant that she was not meeting expectations in critical element 2 due to the significant number of errors she was making in monitoring the TRM. HR 1 (testimony of the appellant's supervisor). In May 2017, after deeming the appellant's performance unacceptable for element 2 in her first performance appraisal, the supervisor placed the appellant on a 60-day performance improvement plan (PIP). IAF, Tab 21 at 31-55. The PIP informed the appellant that she was required to demonstrate acceptable performance in critical element 2 by the end of the PIP period by, among other things, "correctly address[ing] all emails in the [TRM] according to the TRMI." *Id.* at 53-55. The agency provided the appellant with a video ASL translation of the TRMI before the PIP and full-time assistance of interpreters prior to and throughout the PIP. *Id.* at 53; IAF, Tab 24 at 91-94. The appellant's supervisor and the Travel Office Lead met with the appellant regularly during the PIP to discuss her performance, including her continuing errors. IAF, Tab 22 at 11-34, 38-60, 64-82, 89-103, Tab 23 at 19-58, 65-102.

After the PIP expired, the agency removed the appellant under 5 U.S.C. chapter 43 for unacceptable performance in critical element 2 of her position. IAF, Tab 1 at 8; Tab 23 at 4-16. The supervisor noted in the proposal notice that,

among other failures, the appellant did not correctly address all emails in the TRM because her over 180 errors during the PIP period were "excessive." IAF, Tab 23 at 10-14. The appellant timely appealed her removal to the Board and alleged disparate treatment disability discrimination, failure to accommodate, and EEO retaliation. IAF, Tab 36 at 1-2, Tab 43 at 3-5.

After holding a hearing, the administrative judge issued an initial decision affirming the removal and denying the appellant's affirmative defenses. IAF, Tab 51, Initial Decision (ID). The administrative judge found that the agency established the elements of its performance-based action in accordance with the standards set forth in *Santos v. National Aeronautics and Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021) and *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16. ID at 8-17. The administrative judge found that the appellant failed to prove her failure to accommodate affirmative defense, finding that the appellant was a qualified individual with a disability, but she was not denied a reasonable accommodation. ID at 18-22. The administrative judge also found that the appellant failed to prove disparate treatment disability discrimination because she provided no evidence that her disability was a motivating factor in her removal. ID at 22-23. Finally, the administrative judge found that the appellant failed to show that her protected EEO activity, which occurred while she was employed at another agency, was a motivating factor in her removal. ID at 23-25.

The appellant filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency filed a response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant's performance standards were valid.</u>

In affirming the appellant's performance-based removal, the administrative judge correctly cited and applied the Board's precedent setting forth the relevant legal standard for such actions under chapter 43, and she found that the agency

proved all elements of its case by substantial evidence. ID at 8-17. The appellant has not challenged those findings, except as to the validity of her performance standards, and we find no reason to disturb them.

On review, the appellant repeats arguments which she raised below regarding the validity of her performance standards. PFR File, Tab 1 at 7-11; IAF, Tab 45, HR 2 (the appellant's closing argument). Because the administrative judge did not address these arguments, we do so here.

To prevail in an appeal of a performance-based removal under chapter 43, the agency must prove by substantial evidence that, among other things, the employee's performance standards are valid. *Semenov*, 2023 MSPB 16, ¶ 14; *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 5 (2010). In challenging the validity of her performance standards, the appellant first claims that her standards were vague because the requirement that her work contain "no significant errors" was overly subjective, as what constituted a "significant" error was never defined. PFR File, Tab 1 at 7; IAF, Tab 21 at 36. The Board has held that the fact that a performance standard may call for a certain amount of subjective judgment on the part of the employee's supervisor does not automatically invalidate it. *Henderson v. National Aeronautics and Space Administration*, 116 M.S.P.R. 96, ¶ 23 (2012). The Travel Office Lead and the appellant's supervisor testified that they understood "significant errors" to be those which impacted the processing of travel-related requests and gave multiple examples of such errors by the appellant. HR 1 (testimony of the Travel Office Lead, testimony of the appellant's supervisor). In light of this common-sense interpretation and the extensive feedback the appellant received regarding her errors both before and during the PIP period, we find that the use of the word "significant" did not render the standard vague or overly subjective. *See Salmon v. Social Security Administration*, 663 F.3d 1378, 1381-82 (Fed. Cir. 2011) (finding performance standards were not impermissibly subjective because, inter alia, the employee's supervisor "gave direct, precise feedback on the

deficiencies in [the employee's] work and clear instruction on how to remedy them").

Next, the appellant claims that, by requiring her to "correctly address all emails in the [TRM] according to the TRMI," the PIP rendered the "no significant errors" standard an absolute standard. PFR File, Tab 1 at 7-9; IAF, Tab 21 at 54. The appellant is correct to assert that the standard in the PIP was facially absolute. *See Guillebeau v. Department of the Navy*, 362 F.3d 1329, 1334 (Fed. Cir. 2004) (finding that standards requiring that "all web pages" meet certain requirements provided for no exceptions and were thus absolute). The record shows, however, that it was never applied as an absolute standard. In *Guillebeau*, 362 F.3d at 1337, the U.S. Court of Appeals for the Federal Circuit found permissible an agency's removal of an employee under a performance standard which, though absolute, was applied reasonably. Here, the appellant's supervisor testified that it would have been unrealistic to expect the appellant not to make any errors. HR 1 (testimony of the appellant's supervisor). She added that she deemed the appellant unsuccessful based on the significance of her errors in impact and amount, as well as their repetitive nature, which evidenced a failure to learn the TRM process. *Id.* Similarly, the Travel Office Lead testified that he did not expect the appellant to be perfect but that the frequency of her errors was excessive. *Id.* (testimony of the Travel Office Lead). Because the record shows that the agency did not apply an absolute standard to deem the appellant's performance unsuccessful but did so based on her many significant errors under the reasonable "no significant errors" standard, we find that the agency did not hold the appellant to an invalid absolute standard. *See Salmon*, 663 F.3d at 1382 (stating that the analysis of the validity of performance standards is not confined to the written standard).

The appellant also submits new arguments on review regarding the validity of her performance standards, which she did not raise below. The Board generally will not consider an argument raised for the first time in a petition for

review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Clay v. Department of the Army,* 123 M.S.P.R. 245, ¶ 6 (2016). Because the appellant has not shown that these new arguments are based on new and material evidence not previously available despite due diligence, we need not consider them. In any event, the appellant's new arguments lack merit. Her claim that the proposal notice cited certain performance indicators that were not in the PIP and thus "readjusted" her standards is inaccurate, as those indicators were contained in her original performance standards. PFR File, Tab 1 at 11; IAF, Tab 21 at 34-35, Tab 23 at 11. The appellant also claims that the agency intentionally misled her by requiring certain deliverables described in the PIP but in a different paragraph than that which listed her ongoing duties under the PIP. PFR File, Tab 1 at 11; IAF, Tab 21 at 54-55. However, she was clearly instructed in the PIP to provide the deliverables she references, including the weekly workload reports and a certificate for a training course. IAF, Tab 21 at 54. That these instructions for one-time or intermittent obligations were listed in a paragraph other than that which listed her ongoing duties did not detract from their clarity. Accordingly, these new claims afford no basis to disturb the administrative judge's conclusion that the performance standards were valid.

<u>The appellant has not proven her affirmative defenses of disparate treatment disability discrimination and EEO retaliation.</u>

After the initial decision was issued, the Board clarified the proper analytic framework for adjudicating disparate treatment disability discrimination claims. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 35-42. Under *Pridgen* the appellant bears the initial burden of proving by preponderant evidence that her disability was a motivating factor in the agency's removal action. *Pridgen*, 2022 MSPB 31, ¶ 40. The administrative judge here found that the appellant failed to show that her disability was a motivating factor in her removal. ID at 22-23. Because we agree with the administrative judge that the

appellant failed to meet her initial burden, the administrative judge's reliance on a now-obsolete legal standard does not affect the result in this case.

After the initial decision was issued, we also clarified the proper analytic framework for adjudicating claims of EEO retaliation. Claims of retaliation for engaging in activity protected by Title VII or the Age Discrimination in Employment Act are analyzed under the motivating factor standard. *Pridgen*, 2022 MSPB 31, ¶¶ 20-22. However, an appellant claiming retaliation for engaging in activity protected by the Rehabilitation Act must show that retaliation was a "but-for" cause of the agency's action. *Desjardin v. U.S. Postal Service*, 2023 MSPB 31, ¶ 44-47. The "but-for" standard is more stringent than the motivating factor standard. *Desjardin,* 2023 MSPB 6, ¶ 31; *Pridgen,* 2022 MSPB 31, ¶ 47.

It appears that the appellant's prior EEO activity was her participation as a witness in an EEO case filed by another employee at a different agency. IAF, Tab 57 at 3. Whether we considered the appellant's claim under the lesser motivating factor standard or the more stringent "but-for" standard, we agree with the administrative judge's finding that the appellant failed to show that her participation in the EEO process at another agency was a motivating factor in the agency's decision to remove her.[2]

<u>The appellant has not proven her affirmative defense of reasonable accommodation disability discrimination.</u>

An agency is required to make reasonable accommodation to the known physical and mental limitations of an otherwise qualified individual with a disability unless that agency can show that accommodation would cause an undue hardship on its business operations. *Miller v. Department of the Army*,

---

[2] Because we discern no error with the administrative judge's motivating factor analysis or conclusions regarding the appellant's disparate treatment disability discrimination or EEO retaliation claims, it is unnecessary for us to address whether the appellant's disability or EEO activity was a "but-for" cause of the removal action. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-25, 30.

121 M.S.P.R. 189, ¶ 13 (2014); 29 C.F.R. § 1630.9(a). In order to establish disability discrimination based on a failure to accommodate, and employee must show that: (1) she is an individual with a disability, as defined by 29 C.F.R. § 1630.2(g); (2) she is a qualified individual with a disability, as defined by 29 C.F.R. § 1630.2(m); and (3) the agency failed to provide a reasonable accommodation. *Miller*, 121 M.S.P.R. 189, ¶ 13. It is undisputed that the appellant is a qualified individual with a disability.

The appellant contends on review that the administrative judge erred by finding that the agency provided her with a sign language interpreter on demand and ultimately provided her with a full-time interpreter when she requested one, beginning in May 2017 and continuing throughout the PIP.[3] PFR File, Tab 1 at 11-12, 14; ID at 19-21. The administrative judge based her finding on her assessment of the witnesses' credibility, to which we must defer absent "sufficiently sound" reasons for not doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The appellant has not proffered sufficiently sound reasons here, and, thus, she has not shown that the agency failed to provide adequate interpreter assistance as a reasonable accommodation.

We have considered the appellant's remaining arguments raised in her petition for review, and we discern no basis to disturb the findings in the initial decision. We therefore deny the petition for review and affirm the initial decision as modified herein.

---

[3] Similarly, the appellant's argument that the agency delayed in providing her with a video ASL translation of the TRMI does not show that it denied her a reasonable accommodation because the translation video was provided to her prior to the start of the PIP. PFR File, Tab 1 at 12-13; IAF, Tab 21 at 53; HR 1 (testimony of the Travel Office Lead).

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

14

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.